CLEVELAND MUNICIPAL COURT
HOUSING DIVISION-CRIMINAL
CUYAHOGA COUNTY, OHIO
JUDGE W. MONÁ SCOTT

| CITY OF CLEVELAND | DATE: JUNE 27, 2023 |
| Plaintiff(s) | |
| -vs- | 2022-CRB-003944 |
| ST. ANTHONY CHURCH | **SENTENCING JUNE 21, 2023** |
| Defendant(s) | **JUDGMENT ENTRY AND ORDER** |

This matter came before the Court for a virtual Change of Plea Hearing on March 29, 2023, journalized April 3, 2023. Present were the following parties: Defendant St. Anthony Church, hereinafter Defendant, Defendant Representative Albert Thrower, Defense Attorney William Sheehan, and the City of Cleveland Prosecutor Ashley Hawkins. Defendant entered a plea of no contest to five (5) counts of Failure to Comply (Cleveland Codified Ordinance 203.03), all misdemeanors in the first degree. Based on the plea of no contest to the five (5) counts, eighteen (18) counts were nolled at the Prosecutor's request. After the Prosecutor's proffer evidence and based on the Defendant's no-contest plea, the Court found Defendant guilty of each of the five (5) counts of the orally amended Complaint, dated August 12, 2021, through August 16, 2021.

WHEREAS, On June 21, 2023, the following parties appeared for the virtual Sentencing Hearing: Defendant, Defendant Representative Albert Thrower, Defense Attorney William Sheehan, Councilwoman Jenny Spencer Ward 15 Representative Heather Lazar, the City of Cleveland Prosecutor Ashley Hawkins, and Housing Court Specialist Beverly Cody. During the hearing, Housing Court Specialist Cody read the report on record regarding the cited property located at 1310 West 89th Street, Cleveland, Ohio 44102. Letters of concern for the property located at 1310 West 89th Street, Cleveland, Ohio 44102 were presented from the following: Nikki Hudson, Chair of the Edgewater Parke Neighbors, Community Member Gregory Chistik, and City of Cleveland Department of Building and Housing Inspector Rhonda Derrett.

I. **PLEA TO CHARGES-POTENTIAL PENALTIES:**

| COUNT | ORDINANCE | LEVEL | DATE |
|---|---|---|---|
| 1 | 203.03 Failure to Comply | M1 | 8/12/2021 |
| 2 | 203.03 Failure to Comply | M1 | 8/13/2021 |
| 3 | 203.03 Failure to Comply | M1 | 8/14/2021 |
| 4 | 203.03 Failure to Comply | M1 | 8/15/2021 |
| 5 | 203.03 Failure to Comply | M1 | 8/16/2021 |

Page 1 of 8
hcrsentje

Each of the above counts of Failure to Comply is a first-degree misdemeanor, punishable by a fine of $5,000.00 for each day Defendant failed to comply due to Defendant being an organization, up to five years of community control, and court costs. Therefore, the total aggregate maximum penalty this Court could impose is a fine of $25,000.00, five years of community control, and court costs.

II. **DEFENDANT'S COMMUNITY CONTROL SANCTIONS, SENTENCE, and ORDERS:**
Upon consideration of the plea, the Court imposes the following as indicated below:

| COUNT | FINE | COMMUNITY CONTROL | JAIL |
|---|---|---|---|
| 1 | $25,000 STAYED | 3 YEARS ACTIVE | N/A |
| 2 | $0 | N/A | N/A |
| 3 | $0 | N/A | N/A |
| 4 | $0 | N/A | N/A |
| 5 | $0 | N/A | N/A |

*The sentence on all five (5) counts of Failure to Comply shall run concurrently. The terms of community control are active for three (3) years and are set to expire on June 21, 2026.*

The Court ORDERS Defendant to do the following:
1. The maximum potential fine of $25,000 is STAYED, provided Defendant complies with the Court's Orders.
2. Defendant's companion case 2022-CRB-003945, Violation Notice #V21019174 (attached), is active and is also before this Court.
3. Defendant is placed on active community control for three (3) years, set to expire on June 21, 2026.
4. Defendant is ordered to pay all ongoing court costs associated with this case.
5. Defendant is ordered to obtain rental registration for all properties it owns within the City of Cleveland or apply for applicable rental registration exemptions. Defendant must submit copies of proof of all rental registrations or exemptions to Housing Court Specialist Cody prior to the next status hearing date.
6. Defendant is ordered to comply with the City of Cleveland's Lead Safe Ordinance by obtaining a lead-safe certificate for all rental properties it owns within the City of Cleveland or apply for applicable lead-safe exemptions. Defendant must submit copies of proof of all lead-safe certificates, receipts of future testing, or exemptions to Housing Court Specialist Cody prior to the next hearing date.
7. Defendant is ordered not to gift, sell, or transfer any of the properties owned within the City of Cleveland while on community control without the approval of this Court. [SEE ATTACHED LIST]
8. Defendant is ordered to remove the window units from the properties located at 1310-1312 West 89th Street, Cleveland, Ohio 44102.
9. Defendant is ordered to place any trash cans on the property in the rear of the property.
10. Defendant is ordered to paint the exterior of both properties, located at 1310-1312 West 89th Street, Cleveland, Ohio 44102, all one color.

Page 2 of 8
hcrsentje

11. Defendant is ordered to allow an Inspector from City of Cleveland, Department of Building and Housing to do an interior and exterior inspection of the properties, including the garage or shed, located at 1310-1312 West 89th Street, Cleveland, Ohio 44102, prior to the next hearing.
12. Defendant is ordered close out all open violations with an inspector from the City of Cleveland, Department of Building and Housing. [VIOLATION NOTICES: V18032279, V13019045, V13019033, V21019387 and V21019174, ATTACHED]
13. Defendant is ordered to clean all of the properties it owns within the City of Cleveland and keep them free from all junk, debris, and dumping. [SEE ATTACHED LIST]
14. Defendant is ordered to cut all grass and remove any shrubbery or overgrowth of shrubbery from any of the properties owned within the City of Cleveland while awaiting the sale of properties. [SEE ATTACHED LIST]
15. Defendant is ordered to pay the outstanding property taxes on the properties it owns within the City of Cleveland and provide proof of tax payment plan, tax payments, or receipts to Housing Court Specialist Cody. [SEE ATTACHED LIST]
16. Defendant is ordered to submit a maintenance and repair plan to Housing Specialist Cody every 30 days, on the 1st of each month, for all properties owned within the City of Cleveland to provide this Court with repair plans, detailing the names and information for contractors hired, when properties will be inspected, and indicate when the ground keeping will be completed. [SEE ATTACHED LIST]
17. This JE & Order remains subject to modifications upon the conclusion of Inspector Rhonda Derrett, City of Cleveland, Department of Building and Housing abating all open violations. [VIOLATION NOTICES: V18032279, V13019045, V13019033, V21019387 and V21019174, ATTACHED]
18. Defendant is ordered to remain in communication and provide all required documents and information timely to Housing Court Specialist Beverly Cody while under this Court's supervision.

Defendant is ordered to appear in Court virtually via ZOOM for the next **Status Hearing on September 20, 2023, at 3:00 PM.**

A. Defendant is informed that community control conditions include the duties to:
   - Abide by the orders of community control and not re-offend per ORC § 2929.21;
   - Comply with the Court's general probation requirements outlined in ORC § 2929.25(2)(a)&(b) and 2929.31; and Housing Div. Loc. R. 2.18, a copy of which is attached to this Sentencing Judgement Entry and Order, which includes keeping all properties owned by Defendant, located within the City of Cleveland and Village of Bratenahl in good repair and in compliance with local codes; and
   - Report to and cooperate with the assigned community control officer.

**EFFECT OF FAILURE TO SUBSTANTIALLY COMPLY WITH COMMUNITY CONTROL CONDITIONS:**

B. The Defendant has been informed that failure to substantially comply with the issued community control orders and upon a finding of a violation of the terms of community control, the Court may:

Page 3 of 8
hcrsentje

- Impose more restrictive community control sanctions under ORC § 2929.25;28;31, including increased community control for up to five years in total and financial sanctions (fines). The maximum remaining financial sanction the Court may impose upon Defendant, in this case, is $25,000.

JUDGE W. MONÁ SCOTT
CMC HOUSING DIVISION-CRIMINAL

Ex. D, p. 1

Page 4 of 8
hcrsentje

**Definition and Purpose of Community Control (Probation):**

As part of the sentence in this case, the Court is imposing community control sanctions ("CCS.") CCS is a period of supervision by the Court through the Court's Community Control Officer. The Court assigns <u>Housing Court Specialist Beverly Cody</u> as Defendant's Community Control Officer.

The Court's goals for imposing CCS (formerly known as probation) are rehabilitation, administering justice, and ensuring the Defendant's future good behavior. The Court imposes each CCS condition because the condition is related to one or more of these goals. The Court's General Community Control Sanctions are stated in Local Rule 2.18 and the Appendix to Local Rule 2.18, copies of which are attached to this Entry.

Housing Court is a remedial court whose primary goal is for defendants/property owners to maintain their properties in Cleveland and Bratenahl up to minimum code requirements. Each CCS condition that the Court imposes is designed to meet this goal.

Some CCS requirements are mainly related to administering justice. These are sanctions for the criminal conduct at issue in the case. Examples are fines, court work service, house arrest, and jail.

Other CCS requirements are primarily related to rehabilitating the offender. Some examples include: reporting to the Community Control Officer, attending a landlord class presented by the Court, providing a list of all real property that the Defendant owns or controls, drafting a written maintenance plan for all properties owned in Cleveland and Bratenahl, and keeping those properties in good repair, depositing escrow funds for board-up and demolition costs, consenting to inspections for properties by Court representatives or City inspectors, and entering into payment plans for board-up, demolition, grass cutting, water charges, and delinquent property taxes. Without maintenance and payment plans, Defendant may become overwhelmed by financial obligations related to managing Defendant's properties. This may lead to deferred maintenance, code violations, new violation notices, and criminal charges.

Finally, some CCS requirements are intended to deter future criminal conduct and charges. Examples of these are requiring Defendant to register residential rental units with the Cleveland Building Department, demanding Defendant to obtain a certificate of disclosure for certain real property transfers, and requiring business entities that are defendants to register with the Ohio Secretary of State.

These are standard CCS requirements in Housing Court. When the Court imposes these conditions or others, it is because the Court has determined that those CCS conditions are most likely to resolve the underlying criminal charges and keep the Defendant's properties in Cleveland and Bratenahl in good repair.

---

**CERTIFICATE OF SERVICE**

1. A filed copy of the Court's Judgment Entry and Order was sent by email to: Defense Attorney Jeffrey Sheehan at wmjsheehan@msn.com on June 28, 2023.

2. A filed copy of the Court's Judgment Entry and Order was sent by email to: Defendant, St. Anthony's Church c/o Defendant Representative Albert Thrower at _____ on June 28, 2023.

3. A filed copy of the Court's Judgment Entry and Order was sent by email to: Chief Code Enforcement Prosecuting Attorney David Roberts c/o Prosecuting Attorney Ashley Hawkins at _____ on June 28, 2023.

---

**CLEVELAND HOUSING COURT LOCAL RULE 2.18 AND APPENDIX**

**RULE 2.18   GENERAL COMMUNITY CONTROL SANCTIONS**
(Also called GENERAL PROBATION REQUIREMENTS)

A. The Court may sentence an offender to any community control sanctions authorized by ORC §2929.25, the requirements of which are commonly known as probation requirements for misdemeanors.

B. The Court has established certain community control sanctions to apply in criminal cases in the Housing Court. These sanctions shall be called the "General Community Control Sanctions" or "General Probation Requirements" of the Housing Division of the Cleveland Municipal Court and are outlined in the Appendix to these Local Rules.

C. The Court may modify the General Probation Requirements in a specific case or may impose on an offender specific community control sanctions (also called specific probation requirements) in addition to the General Probation Requirements.

D. Publication of these General Probation Requirements in these Rules serves to notify defendants charged in criminal cases of the community control sanctions that the Court may impose.

E. If the Court, after notice and hearing, determines that a defendant has violated Community Control Sanctions, the Court may extend the period of Community Control, impose additional Community Control Sanctions, execute upon any portion of the Defendant's sentence previously suspended, or re-sentence the Defendant on the original charges upon which the Defendant was convicted.

**APPENDIX TO HOUSING COURT LOCAL RULE 2.18 – GENERAL COMMUNITY CONTROL SANCTIONS**

Appendix to Housing Court Local Rule 2.18 - General Community Control Sanctions (also called General Probation Requirements) of the Housing Division of the Cleveland Municipal Court

1. Payment of Fines. The offender must pay by the time to pay (TTP) date any portion of the fine that the Court has ordered executed.

2. Reporting. The offender must report as ordered to a Community Control Officer (CCO) if the Court assigns one.

3. Offender to Provide a List of Properties. The offender must provide the Court with a list of all real property the offender owns or controls. Unless the Court orders otherwise, the list shall include all property, whether it is located in Cleveland, Ohio, or elsewhere and shall include the offender's residence. The Court may order that the list of properties be in

---

a particular form or contain specific information about the properties. The offender must notify the Court whenever the offender has any change in the property owned or controlled.

4. Offender to Keep Properties in Good Repair. The offender must keep all the offender's properties in good repair. The definition of keeping properties in good repair includes the obligation to regularly inspect and maintain the property and keep each property clean of debris, secure from entry, and free of graffiti. This requirement is in addition to compliance with any city or state code requirements for real property.

5. Offender to Abide by All Laws. The offender must abide by all laws, which is a requirement under Ohio law for all probation. Abiding by all laws includes abiding by all city code requirements.

6. Offender to Visit and Inspect Properties. The offender must regularly visit and inspect each of the offender's properties. The Court may set a regular schedule of visits and require the offender to take photographs during each visit.

7. Consent to Entry and Inspection. The offender must permit any Court representative or City or State inspector to inspect any of the offender's properties on such terms as the Court may order.

8. Travel Permitted. Under Ohio law, all probation requires that the offender does not leave the state without the court's permission. As part of these General Probation Requirements, the Court grants the offender permission to leave the state without requesting permission in each case of travel.

Ex D p 2