UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

Albert Thrower,

    Plaintiff,

Vs                                     Case No.

Judge Mona Scott
City of Cleveland
City of Cleveland Prosecutor's Office

    Defendants

MEMORANDUM OF LAW IN SUPPORT OF TRO AND PRELIMINARY INJUNCTION
STATEMENT OF THE CASE

This is a civil rights action brought under 42 USC Section 1983 by Cuyahoga Resident ALBERT THROWER who per (D) Judge Mona Scott, City of Cleveland Housing Dept Judge ordered (P) Thrower that he could not "sell his property" at 1310 W89th CLE OH, without permission of court-which has repeatedly denied permission=same as NO PERMISSION i.e, "cannot sell his property".

1) Saint Anthony Church (Inc) was served with housing violations @ 1310 W89th Cleve OH- Albert Thrower owned 50% of the property, not Saint Anthony Church (Inc).

2) Saint Anthony Church (Inc) pled to housing violations where the maximum sentence was related to St Anthony Church (Inc) under Ohio law <u>does not allow for NO SALE ORDER</u> as punishment 3/29/23 as to the maximum sentence.

3) During the 6/21/23 sentencing ST ANTHONY CHURCH (Inc) was told corporation could not sell 1310 W89th CLE OH but it was not reflected on 6/27/23 Journal Entry Ex D & 6/27/23 Journal Entry in fact per Loc R 2.18 para 3, Ex B served on (P) as part of sentencing Journal Entry gave (P) NOTICE he could sell the house then "notify the court" when offender has any change in the *property owned or controlled"= Past Tense, per Ex B Local Rule 2.18(3).*

4) 7/17/23 JE entered without jurisdiction Ex C, since the sentence had already been imposed 6/21/23-informed ST ANTHONY CHURCH INC, that (P) he could NOT sell 1310 W89th without permission of Court as additional punishment. The (D) Judge Scott trial court repeatedly

1

denied permission in Cleveland Municipal trial court Cleveland v St Anthony Church, Case No. 2022CRB003944, 2022CRB003945 many times without Journal Entry. The No sale of property violates Ohio & US Constitutional rights.

5) (P) is suffering daily "irreparable harm".

6) This case has nothing to do with a criminal conviction, it is solely asking for the right to sell (P) 50% interest in property 1310 W 89th Cleveland OH, as Cleveland Local Rule 2.18 (3) states. Ex B, which has nothing to do with the criminal case.

THE PLAINTIFF IS ENTITLED TO A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

In determining whether a party is entitled to a temporary restraining order or a preliminary injunction, courts consider several factors: whether the party will suffer irreparable injury, the "balance of hardships' between the parties, the likelihood of success on the merits, and the public interest. Each of these factors favors the grant of this motion."

As a matter law, the continuing deprivation of constitutional rights constitutes irreparable harm" *Elrod v Burns*, 427 US 347, 373.

2) The Cleveland Local R 2.18 (3), Ex B allows for the (P) to sell his property.

3) The "public interest" weighs in favor of (P) that he should be allowed to "sell his property", per Ohio Constitution "Per Ohio Constitution Article I Sec 19 "private property shall ever be held inviolate, but subservient to public welfare" & "rights related to property, i.e. to acquire, use enjoy, and dispose of property" as "among the most revered in our law and traditions" *Norwood v Horney*, 853 NE2d 1115. *Yoder v City of Bowling Green*, #3:17CV2321(ND OH), 5, 14th Amendment "takings clause", 1:16CV1076" *Pund v. City of Bedford*, 339 F. Supp. 3d 701, (N.D. Ohio 2018), and the "takings clause" of 5, 14th Amendment United States Constitution all hold that "private property" cannot be codified to become unsellable without city local rule permission, either through the building departments or other.

Per *Knick v Twp of Scott*, 588 US #17-647 (2019), a violation of the "takings clause" can "immediately" be brought in the federal court.

The likelihood of success is great because even the Cleveland codified Local Rule 2.18 (3) Ex B, states that property can be transferred i.e., "change of ownership" and then the (D) -Judge SCOTT- trial court be notified AFTER the change of ownership is effected in accordance with the Ohio Constitution Article I, Sec 19 and federal courts have repeatedly struck down city codes that mandate a "point of sale" inspection before POS transfer can be made. See *Pund v. City of Bedford*, 339 F. Supp. 3d 701 (N.D. Ohio 2018)

THE BALANCE OF HARDSHIPS FAVOR THE PLAINTIFF

In deciding whether to grant TRO's and preliminary injunctions, courts ask whether the suffering of (P) and his potential suffering if he is not allowed to sell his property. Winter is approaching and it hard to sell property in the winter. (P) had a heart attack in (P) Scott trial court 6/11/24 and had to be taken away in an ambulance and have a balloon placed in his heart.

THE RELIEF SOUGHT WILL SERVE THE PUBLIC INTEREST

1) (D) city of Cleveland representative was quoted in Cleveland.com that "no sale" order was a "secret weapon". The "secret weapon" is contrary to the Cleveland local Rule 2.18 (3), the Ohio Constitution, United States Constitution. In this case, the grant of relief will serve the public interest because it is always in the public interest for officials to follow the law. Cleveland Local R 2.18(3), Ex B, *Duran v Anaya*, 672 FSupp 510, 527 "respect for the law, particularly by officials responsible for the administration of ... system, is in itself a matter of the highest public interest" see *Llewelyn v Oakland County Prosecutor's Office*, 402 FSupp 1379, 1393 (ED Mich) "the Constitution is the ultimate expression of the public interest". In re property rights and the ability to "dispose of property". "under the Ohio Constitution, private property rights are 'fundamental rights' to be 'strongly protected' *Norwood v Horney*, 110 Ohio St3d, 361-62, "Ohio ... right of property to be a fundamental right... strongly protected, Ohio, 'ordinance violate Constitution ... no matter how great the weight of the other forces... takings claim, it described the 'right related to property to be a fundamental right ..to acquire, use, enjoy, and dispose of property' as 'among the most revered in our law and traditions" *Norwood*, @ 361, *Yoder v City of Bowling Green*, 3:17-cv-02321 (ND OHIO).

2) Per *Knick v Twp of Scott*, 588 US—(2019) Docket No. 17-647 "ordinance violated Takings Clause... A property owner acquires a right to compensation immediately upon an uncompensated taking because the taking itself violates the 5th Amendment", and allowing immediate federal court intervention.

THE PLAINTIFF SHOULD NOT BE REQUIRED TO POST SECURITY

Per FRCP 65©, the (P) is usually asked to post security, but (P) is just asking the (Ds') to follow the law.

CONCLUSION

For the foregoing reasons, the court should grant the motion in its entirety

8/22/2024

Respectfully submitted,

*/s/ Albert Thrower*
Albert Thrower pro'se