IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALBERT THROWER, ) | Case No. 1:24-CV-1576 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE DAN AARON POLSTER |
| ) | |
| JUDGE MONA SCOTT, *et al.*, ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | **AND ORDER** |
| ) | |

On August 23, 2024, Plaintiff filed a motion for leave to file a civil rights complaint in the Northern District of Ohio Federal Court. The Court granted leave[1] for the limited purpose of dismissing Plaintiff's case. Upon review, the Court finds that the Plaintiff's complaint warrants dismissal pursuant to § 1915(e)(2)(B).

Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to review cases litigated and decided in state courts, as only the United States Supreme Court has jurisdiction to correct state court judgments. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Patmon v. Mich. Supreme Court*, 224 F.3d 504, 506-07 (6th Cir. 2000). "The doctrine prevents a [lower] federal court from exercising jurisdiction over a claim alleging error in a state court decision." *Hall v.*

---

[1] Plaintiff is not permitted to file lawsuits in the Northern District of Ohio without prior written leave. In seeking leave, Plaintiff was required to "certify that the claims he wishes to present are new claims, never before raised and disposed of on the merits by any federal court." Plaintiff did not certify that his claims are new federal claims, and his motion to leave could have been denied on that basis. However, because it appears that the claims Plaintiff is seeking to litigate have not previously been raised in federal court but are claims already raised in *state* court, the Court has granted leave and will dismiss the claims on that basis.

*Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) (internal quotation marks and citation omitted). A party raising a federal question in connection with a state court judgment "must appeal [the] state court decision through the state system and then directly to the Supreme Court of the United States." *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

Here, Plaintiff's complaint challenges the lawfulness of a state court order, specifically a decision by Judge Scott in Cleveland Housing Court. See ECF Doc. 1-2. Plaintiff cannot challenge the outcome of a state court case in this Court, and his complaint must be dismissed in accordance with the *Rooker-Feldman* doctrine. *See, e.g., Flowers v. Columbus Metropolitan Housing Authority*, 90 Fed. Appx. 893, 894, 2004 WL 237410, at *2 (6th Cir. 2004) (affirming dismissal of pro se complaint challenging the lawfulness of a state court forcible entry and detainer judgment on the basis of the *Rooker-Feldman* doctrine); *Poindexter v. Full Line Real Estate Construction, LLC*, No. 4: 23-cv-1049, 2023 WL 5957103, at *1 (N.D. Ohio Sept. 13, 2023) (dismissing complaint asserting claims challenging an eviction action brought in Youngstown Municipal Court.)

Accordingly, to the extent Plaintiff seeks to challenge the propriety of a state court order, he must do so in the state courts.

In addition, most of the Defendants are immune from suit or cannot be sued for federal civil rights violations. Prosecutor's offices and administrative units of local governments are not *sui juris* and cannot be sued under § 1983; judges are entitled to absolute judicial immunity from suit in connection with actions taken within the scope of their official judicial duties; and plaintiffs may not proceed under § 1983 against private parties no matter how unlawful or discriminatory their alleged conduct. *See, e.g., Goodall v. Casper*, No. 3:22-cv-543, 2023 WL 3553130, at *5 (W.D. Ky. May 18, 2023) (dismissing action against judges and private landlords

in connection with an eviction action); *Courthouse News Service v. Foley*, No. 3:23-cv-00329, 2024 WL 308311, at *3 (S.D. Ohio Jan. 26, 2024) (holding that courts, public offices, and local government administrative units are not *sui juris*).

For the foregoing reasons, Plaintiff's complaint is dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Court also ORDERS that ALBERT THROWER is ENJOINED from filing future lawsuits in this court without prior written leave of a U.S. District Judge for the Northern District of Ohio.[2] The Clerk is directed to return, unfiled, any such filings from Albert Thrower.

**IT IS SO ORDERED.**

Dated: September 17, 2024                                       *s/Dan Aaron Polster*
                                                                United States District Judge

---

[2] Here, Albert Thrower filed a lawsuit that, while not raising claims already raised in Federal Court, was clearly frivolous because it involved claims he had already raised in state court. A Court is permitted to impose pre-filing restrictions as a mechanism to stop the constant flow of meritless and repetitive complaints being filed on the same or similar matters. *Feathers v. Chevron U.S.A., Inc., et al.,* 141 F.3d 264, 269 (6th Cir.1998).